<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| LUCKY MCGEE HARRIS, | : | Civil No. 08-4264 (RMB) |
| AKA LARRY SCHUMACHER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | <u>**OPINION**</u> |
| v. | : | |
| | : | |
| CAPE MAY COUNTY, et al., | : | |
| | : | |
| Defendants. | : | |

---

**APPEARANCES**:

    LUCKY MCGEE HARRIS, AKA LARRY SCHUMACHER, <u>Pro Se</u>
    142 Summer Avenue
    Plainfield, New Jersey 07062

**BUMB, District Judge**

Plaintiff Lucky McGee Harris seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. This Court will grant <u>in forma pauperis</u> status to Plaintiff. As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint, without prejudice to the filing of an amended complaint if Plaintiff believes he can cure the deficiencies described in this Opinion.

## I.  BACKGROUND

Plaintiff asserts violation of his constitutional rights by Cape May County, State of New Jersey, New Jersey Department of Corrections, Greg Taylor, T. Ford, Barbara Brakley, Robert

Johnson, Owen Eisenberg, Volunteers of America, and Middletownship Police Department.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  Plaintiff alleges that on July 6, 1992, Middletownship police arrested him pursuant to a faulty search warrant.  Plaintiff asserts that, although the case was dismissed three months later, he was rearrested as a result of an indictment obtained by Cape May County prosecutor Barbara Brakley.  Plaintiff, an African American, asserts that his prosecution was motivated by racism, since defendants found out after his first arrest that Plaintiff's fiancee was a Caucasian woman.

A jury convicted Plaintiff of third degree receiving stolen property and third degree altering a motor vehicle identification number, and the trial judge sentenced him to an aggregate five-year term of imprisonment, with two and one-half years of parole ineligibility.  See State v. Harris, 2007 WL 4060612 (N.J. Super., App. Div., Nov. 19, 2007) (attached to Compl.)  Plaintiff further alleges that he was subsequently falsely accused of breaking the rules of a halfway house operated by Volunteers of America and wrongfully returned to prison.

Plaintiff appealed the conviction, and on November 19, 2007, the Appellate Division of the Superior Court of New Jersey

2

reversed the conviction on the ground that the trial judge committed reversible error by admitting certain NCIC records showing that two vehicles had been reported stolen.  <u>Id.</u>  On July 10, 2008, Superior Court Judge Raymond A. Batten dismissed the indictment against Plaintiff on the ground that "the State believ[ed] it would be unable to prove its case against [Plaintiff] beyond a reasonable doubt."  <u>State v. Schumacher</u>, Ind. No. 93-05-170-I order (N.J. Super., Law Div., July 10, 2008) (attached to Compl.)  Plaintiff seeks damages under 42 U.S.C. § 1983 for his wrongful prosecution and conviction.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding <u>in forma pauperis</u> or a prisoner seeks redress against a governmental employee or entity.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to <u>sua sponte</u> dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>Id.</u>

Rule 8(a) of the Federal Rules of Civil Procedure, however, requires that a complaint "must contain (1) a short and plain

statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a). Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker, 292 F. 3d at 374 n.7. See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be

4

conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).

\*                         \*                         \*

    The issues raised by <u>Twombly</u> are not easily resolved, and likely will be a source of controversy for years to come.  Therefore, we decline at this point to read <u>Twombly</u> so narrowly as to limit its holding on plausibility to the antitrust context. Reading <u>Twombly</u> to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean.  "Plausibility" is related to the requirement of a Rule 8 "showing."  In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it."  <u>Twombly</u>, 127 S. Ct. at 1965 n.3.  While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Id.</u> at 1965.

    The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

The complaint at issue in this case clearly satisfies this pleading standard, making a sufficient showing of enough factual matter

5

(taken as true) to suggest the required
elements of Phillips' claims.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d
Cir. 2008) (citation and internal quotation marks omitted).

The Court is mindful that the sufficiency of this pro se
pleading must be construed liberally in favor of the plaintiff,
even after Twombly.  See Erickson v. Pardus, 127 S. Ct. 2197,
2200 (2007).  A pro se plaintiff needs to allege only enough
factual matter (taken as true) to suggest the required elements
of the claim(s) asserted, Twombly, supra.  Moreover, a court
should not dismiss a complaint with prejudice for failure to
state a claim without granting leave to amend, unless it finds
bad faith, undue delay, prejudice or futility.  See Grayson v.
Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane
v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See
Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).
"[T]hey have only the power that is authorized by Article III of
the Constitution and the statutes enacted by Congress pursuant
thereto."  Bender v. Williamsport Area School Dist., 475 U.S.
534, 541 (1986).  A district court may exercise original
jurisdiction over "Cases, in Law and Equity, arising under this
Constitution, the Laws of the United States, and Treaties made,

or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989). Liberally construing the Complaint, this Court reads the Complaint as potentially asserting a Fourth Amendment false arrest claim and an unconstitutional malicious prosecution claim.

7

A.  Arrest

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.

The Fourth Amendment prohibits an arrest without probable cause.  See Virginia v. Moore, 128 S. Ct. 1958, 1604 (2008); Albright v. Oliver, 510 U.S. 266, 274-75 (1994); Gerstein v. Pugh, 420 U.S. 103, 114 (1975).  In this Complaint, Plaintiff asserts that he was rearrested because the prosecutor maliciously presented the case to a grand jury and obtained an indictment. However, because an indictment, "returned by a properly constituted grand jury, conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry," Gerstein, 420 U.S. at 118 n.19, Plaintiff's post-indictment arrest did not violate Plaintiff's rights under the Fourth Amendment.  See also Giordenello v. United States, 357 U.S. 480, 487 (1958) ("A warrant of arrest can be based upon an indictment because the grand jury's determination that probable cause existed for the indictment also establishes that element for the purpose of issuing a warrant for the apprehension of the

person so charged"). Accordingly, Plaintiff's § 1983 claim based on his arrest will be dismissed for failure to state a claim upon which relief can be granted.

B.  Malicious Prosecution

This Court construes the Complaint as attempting to assert a malicious prosecution claim under § 1983. "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that:  (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d Cir. 2007) (footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006); Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791-5 (3d Cir. 2000); Torres v. McLaughlin, 163 F.3d 169, 172-74 (3d Cir. 1998); Lind v. Schmid, 67 N.J. 255, 262 (1975). Although Plaintiff asserts that the criminal prosecution was dismissed on July 10, 2008, the Complaint, as written, does not assert a cognizable malicious prosecution claim against a defendant who may be found liable under § 1983.

10

The State of New Jersey, the New Jersey Department of Corrections, and Middletownship Police Department are not "persons" within the meaning of 42 U.S.C. § 1983 who may be subject to suit for alleged violation of Plaintiff's constitutional rights.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Madden v. New Jersey State Parole Board, 438 F.2d 1189, 1190 (3d Cir. 1971); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989).

Plaintiff sues prosecutor Barbara Brakley for violating his constitutional rights by improperly obtaining an indictment and pursuing his criminal prosecution, but a prosecutor is immune from a civil suit for damages under § 1983 for initiating a prosecution and presenting the State's case.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Thus, Plaintiff's § 1983 malicious prosecution claim against prosecutor Brakley will be dismissed for failure to state a claim upon which relief may be granted.  See Odd v. Malone, ___ F. 3d ___, 2008 WL 2955571 *3 (3d Cir. Aug. 4, 2008) (prosecutorial immunity is properly raised in a Rule 12(b)(6) motion to dismiss).

Nor does the Complaint state a § 1983 claim against Cape May County, Gregg Taylor, T. Ford, Robert Johnson, Owen Eisenberg, or Volunteers of America.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability

11

cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The Complaint will be dismissed for failure to state a claim against Gregg Taylor, T. Ford, Robert Johnson and Owen Eisenberg, because it does not allege any facts whatsoever about those defendants.

Plaintiff alleges that he was improperly sent back to prison from a halfway house operated by defendant Volunteers of America. But a convicted inmate (which Plaintiff was prior to dismissal of the indictment in 2008) has no constitutionally liberty interest in retaining classification to a halfway house during the term of his sentence. See Meachum v. Fano, 427 U.S. 215, 223-25 (1976) ("given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him [and] . . . [t]he Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison"); Asquith v. Dep't of Corrections, 186 F.3d 407, 411 (3d Cir. 1999) (sentenced New Jersey prisoner confined in halfway house by classification committee has no liberty interest in avoiding transfer to prison).

The claim against Cape May County under § 1983 will be dismissed because a local government entity "cannot be held liable solely because it employs a tortfeasor." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978).

"[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Monell</u>, 436 U.S. at 694.  Because nothing alleged in the Complaint supports an inference that the alleged malicious prosecution resulted from the execution of a policy or custom of Cape May County, the claim against the County will be dismissed.

To summarize, this Court will dismiss the Complaint because it does not state a cognizable § 1983 claim against any named defendant.  However, because Plaintiff may be able to cure the deficiencies set forth in this Opinion by filing an amended complaint, the dismissal is without prejudice to the filing of an amended complaint within 30 days of the date of the entry of the Order accompanying this Opinion.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and dismisses the Complaint without prejudice to the filing of an amended complaint within 30 days.


<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
United States District Judge


Dated: <u>September 3, 2008</u>

13